UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN VALLE, JR. *et al*,

                Plaintiff,

**REPORT & RECOMMENDATION**
20-CV-3082-RRM-SJB

     *v.*

U.S. BANK, N.A., *a/k/a* US BANCORP

                Defendant.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

     Plaintiff John Valle, Jr. ("Valle") commenced this action concerning the mortgage and ownership of real property in Brooklyn, New York, against U.S. Bank N.A., also known as US Bancorp ("U.S. Bank") on July 9, 2020. (Compl. dated July 6, 2020 ("Compl."), Dkt. No. 1). Valle alleged five causes of action against U.S. Bank: (1) to quiet title; (2) to "recover the mortgage note"; (3) to "enforce the equity of redemption"; (4) for unjust enrichment and for a constructive trust; (5) and for "slander of title." (*Id.* ¶¶ 23–38). Valle is proceeding *pro* se.

     On August 4, 2020, the Court ordered Valle to "promptly advise the Court once the defendants have been served." (Order dated Aug. 4, 2020, Dkt. No. 5 at 1). Further, the Court noted, "if service is not made upon the defendants by October 7, 2020, or if plaintiff fails to show good cause as to why such service has not been effected," the Court would recommend that the action be dismissed without prejudice. (*Id.*). On February 22, 2021, the Court issued an additional order:

> On [August 4, 2020] an Order was entered directing Plaintiff to serve the Defendant within 90 days from the filing of the complaint pursuant to Fed. R. Civ. P. 4. To date proof of service has not been filed. Plaintiff is directed to file proof, by [March 1, 2021] that service was accomplished within the 90 day period. If service has not been made, Plaintiff must show cause why the case should not be dismissed without prejudice for failure to complete service within the period required under Rule 4.

(Order dated Feb. 22, 2021). Valle has not responded to either of the Court's orders. U.S. Bank has not appeared, and there is no evidence that U.S. Bank has been served.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice[.]" Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service[.]" *Id.* "A party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.*, No. 04-CV-9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (discussing the standard under the earlier 120-day period). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Id.* "The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Id.* "Good cause is measured against '(1) the plaintiff's reasonable efforts to effect service, and (2) the prejudice to defendant from the delay.'" *Snall v. City of New York*, No. 97-CV-5204, 1999 WL 1129054, at *3 (E.D.N.Y. Oct. 19, 1999) (quoting *Nat'l Union Fire Ins. Co. v. Barney Assocs.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990)), *aff'd*, 242 F.3d 367 (2d Cir. 2000). Courts have dismissed actions without prejudice where plaintiffs have not taken any action after filing the initial complaint. *E.g.*, *Zappin v. Cohen*, No. 15-CV-7271, 2016 WL 3034334, at *1–2 (S.D.N.Y. May 27, 2016) (adopting report and recommendation) (case dismissed without

prejudice where *pro se* plaintiff did not serve defendant and did not respond to court's order directing proof of service or argument for why case should not be dismissed).

Since Valle filed the Complaint in July 2020, he has neither served U.S. Bank nor responded to either of the Court's orders requesting proof of such service. At no time has Valle sought an extension of time to effect service or provided justification for lack of service. Indeed, Valle appears not to have taken any action besides his initial filing of the case.

The appropriate remedy is to dismiss this action without prejudice. "Among federal courts, there is virtual unanimity that 'dismissal is mandatory if a defendant is not served within [90] days, unless the plaintiff can show good cause for delay.'" *Nat'l Union Fire Ins. Co.*, 1994 WL 463009, at *3 (quoting *Geiger v. Allen,* 850 F.2d 330, 332 (7th Cir. 1988)); *see, e.g.*, *Fried v. N.Y. State Off. of Child. & Fam. Servs.*, No. 05-CV-5522, 2008 WL 4360749, at *1, *5 (E.D.N.Y. Sept. 24, 2008) (adopting report and recommendation to dismiss without prejudice in absence of demonstrable good cause or basis to exercise discretion); *Grant v. Aurora Loan Servs.*, No. 08-CV-100, 2008 WL 4326532, at *1 (E.D.N.Y. Sept. 22, 2008) (same); *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 32, 35 (W.D.N.Y. 1996) (no good cause where counsel attempted service, not by following the Federal Rules of Civil Procedure, but rather "his own informal procedure"). The Court, thus, respectfully recommends that the Complaint be dismissed without prejudice.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within fourteen (14) days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See*

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara* April 19, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

4